Bell, J.,
concurring. I concur in the foregoing per curiam opinion with some reluctance. It is not difficult to envision, as a result of the sustention of this petition (even a qualified sustention), a flood of such petitions alleging drunkenness in an effort to circumvent the strict requirement of pleading wanton or wilful misconduct in guest-statute situations.
It has long been the rule that intoxication, even voluntarily induced, does not in itself constitute negligence. Nor is a premium put on drunkenness. Rather the intoxicated person is held to the same duty and responsibility as the sober one. And well he should be. The dismal list of sorrows and ills which flow from drunkenness, particularly on today’s superhighways crowded with racing automobiles powered with high octane gasoline, is sad enough without adding new terrors by judicial construction.
I am of the opinion that the allegation of intoxication, no matter to what extent the intoxication is claimed to have progressed, does not of itself constitute an allegation of either wilful or wanton misconduct.
There are, however, in this petition sufficient allegations of matters claimed to be within the knowledge of defendant Whitner, e. g., the frequency of parked vehicles on the paved portion of the road and his propensity to lose consciousness and be unable to maintain a lookout, to enable us to give to plaintiff the benefit of whatever can reasonably and fairly be implied from these allegations.
In so pleading, however, the plaintiff may well have placed herself in an untenable position so far as her proof is concerned. If, as plaintiff alleges, Whitner was so intoxicated as to cause him temporarily to lose consciousness and be unable to keep a lookout ahead, and if he knew he could not, because of his intoxicated condition, keep any lookout ahead, the plaintiff may meet considerable difficulty in proving Whitner could form “an intention or purpose to do wrong” or intentionally deviate “from clear duty or from a definite rule of conduct.” Tighe, a Minor, v. Diamond, 149 Ohio St., 520, 80 N. E. (2d), 122. Similar difficulty may be encountered in proving Whitner could “be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all *267 common probability result in injury.” Helleren, Admx., v. Dixon, 152 Ohio St., 40, 86 N. E. (2d), 777.
It might also be pointed out, in connection with this allegation that Whitner was aware that his intoxication caused him temporarily to lose consciousness, that if it should be shown that the accident was the result of his actually losing of consciousness such loss could hardly be considered a wilful or wanton act. But giving the allegation its most liberal construction, it may be construed to allege that Whitner had at one time lost consciousness, and knew he had, but had regained it prior to the accident.